# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2060

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| Fernando Diaz-Diaz, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  October 19, 1999
Filed:  October 22, 1999

_____

Before BOWMAN, LAY, and BEAM, Circuit Judges.

_____

PER CURIAM.

Fernando Diaz-Diaz was tried by a jury and was convicted on one count of unlawful reentry after deportation in violation of 8 U.S.C. § 1326 (Supp. III 1994). Prior to trial, Diaz-Diaz requested the District Court[1] to instruct the jury on the defense of necessity. During trial, out of the presence of the jury, Diaz-Diaz submitted a proposed instruction on the defense of necessity and proffered supporting evidence. His proffer was to the effect that he has AIDS; that before his most recent previous

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

deportation (to Mexico in 1997), he had received medication for his disease; and that because he lacked money to obtain his medication in Mexico, he illegally reentered the United States. Having considered the proffered evidence, the District Court declined to instruct the jury on the defense of necessity, and the trial proceeded. Diaz-Diaz was found guilty and was sentenced to ninety-two months of imprisonment and three years of supervised release. Diaz-Diaz appeals, raising as his only claim of error the District Court's refusal to give an instruction on the defense of necessity.

To be entitled to an instruction on the defense of necessity, a defendant must show that he has sufficient evidence to make a prima facie case on each of the following elements:

(1) that he was faced with a choice of evils and chose the lesser evil; (2) that he acted to prevent imminent harm; (3) that he reasonably anticipated a causal relation between his conduct and the harm to be avoided; and (4) that there were no other legal alternatives to violating the law.

United States v. DeAguilar, 883 F.2d 662, 693 (9th Cir. 1989), cert. denied, 498 U.S. 1046 (1991). In the present case, the District Court determined that an instruction on the defense of necessity would not be given because Diaz-Diaz's proffered evidence was insufficient to show that he acted to prevent imminent harm and also was likewise insufficient to show that he had no legal alternatives to unlawful reentry. Diaz-Diaz argues strenuously that the District Court erred in its determination. Our review of the District Court's refusal to instruct the jury on the defense of necessity is de novo.

Having conducted de novo review, we conclude that an instruction on the defense of necessity was properly denied. We agree with the District Court that Diaz-Diaz failed to present sufficient evidence to establish a prima face case on the immediacy of his medical condition and on his lack of lawful alternatives. Accordingly, at least two of the elements that must be shown to establish entitlement to an instruction

on the defense of necessity were not present in this case. We need not and do not address the government's statutory and policy arguments in support of the District Court's ruling.

Diaz-Diaz's conviction is affirmed. <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.